IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID K. REIMERS                                                                                      PLAINTIFF

v.                                            Civil No. 06-5128

BENTON COUNTY JAIL;
UNIDENTIFIED GUARD #1;
UNIDENTIFIED GUARD #1;
DEPUTY WILLIAM BLACKMON;
DEPUTY BARR; DEPUTY
PATTERSON; and SGT. CULOTTA                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Reimers filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on July

12, 2006.  His complaint was filed in forma pauperis (IFP).

On November 17, 2006, an order was entered (Doc. 5) directing the plaintiff to complete,

sign, and return a questionnaire that would be filed as an addendum to his complaint.  The

addendum was to be returned by December 15, 2006.

A notation on the docket sheet indicates that on December 8, 2006, mail sent to the

plaintiff at the Benton County Detention Center was returned as undeliverable.  On December

13, 2006, a change of address was entered for the plaintiff.  The address was the home address

plaintiff had provided detention center officials when he was booked in.

An order (Doc. 6) was also entered directing the clerk's office to re-mail any documents

that had been returned as undeliverable and plaintiff was given an extension of time until January

-1-

2, 2007, to return the addendum to the court.  To date, the addendum has not been filed with the court.  The plaintiff has not sought an extension of time to file the addendum.

No mail has been returned to the court as undeliverable since the change of address was entered on December 13, 2006, and all mail that had previously been returned was re-sent to the plaintiff.  Plaintiff has not communicated with the court in anyway.

I therefore recommend  the plaintiff's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court.  *See* Fed. R. Civ. P. 41(b).  **Mr. Reimers has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Mr. Reimers is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of January 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-2-

AO72A
(Rev. 8/82)